William L. SCHULTZ, Plaintiff,

v.

The BOARD OF REVIEW OF the INDUSTRIAL COMMISSION of Utah, Defendant.

No. 16515.

Supreme Court of Utah.

Jan. 29, 1980.

William L. Schultz, pro se.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Floyd G. Astin, K. Allan Zabel, Sp. Asst. Attys. Gen., Salt Lake City, for defendant.

HALL, Justice:

This is an appeal of an order of the Board of Review of the Industrial Commission affirming the decision of the appeals referee denying the plaintiff unemployment benefits.

The sole question presented is whether there is competent evidence to sustain the finding and conclusion of the Board of Review that the plaintiff was not available for work as required by Section 35–4–4(c), U.C. A.1953 as amended.

Plaintiff worked as a meter-reader for Mountain Fuel Supply part-time and later full-time from December 1976 to August 11, 1978, while attending the University of Utah as an undergraduate student. On the latter date he terminated with his employer to attend law school at the same university. After a short period of disqualification because of his voluntary termination, he was found eligible for benefits while attending law school because of his work history of full-time work while a student in his base period. Unemployment benefits were paid to him for approximately five months of $100 per week until February 16, 1979, at which time an eligibility review by the Department of Employment Security denied him further compensation on the ground that he was not available for work because of his attendance at law school.

In support of his contention that he was available for work, plaintiff testified that "I'm available for work any time that I am not in school . . . ." He further testified that he was attending law school from 8:00 a. m. and that he was not through with his classes there until 4:00 p. m. on at least three days per week. When asked whether he would accept meter-reading on a full-time basis during the hours that an employer would have meter-reading work available, he answered, "I have to condition that by stating that I would need a program probably with some degree of flexibility as my previous employment with Mountain Fuel was." He explained that when he had worked for Mountain Fuel Supply Company, he was allowed complete flexibility to schedule his working hours around his school classes, and consequently he worked many hours during the evenings and on Saturdays. While he testified that he would accept employment again as a meter-reader and did attempt to regain his former job, he preferred employment as a law clerk, court clerk, paralegal, or legal researcher. He was not able to find employment in any of those fields, during the day between classes or after 4:00 p. m.

The Commission was not compelled to find that plaintiff was available for work, merely because he would accept some type of work tailor-made to his own time table and conditions. For one to be "available for work," he should be available under what is the generally accepted normal working hours and conditions.

We find that there was competent evidence to sustain the finding and conclusion that the plaintiff was not available for work. The order and decision of the Board of Review of the Industrial Commission is affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.